NEW JERSEY BELL TELEPHONE COMPANY, PROSECUTOR-APPELLANT, v. TOWN OF MONTCLAIR ET AL., DEFEND-ANTS-RESPONDENTS.

Argued February 2, 1944—Decided April 13, 1944.

For the appellant, *Harrison & Roche & Darby* (*Thomas Glynn Walker* and *Robert F. Darby,* of counsel).

For the respondents, Town of Montclair, City of Newark et al., *Herbert J. Hannoch* and *Morris Weinstein.*

The opinion of the court was delivered by

HEHER, J.   The judgment is affirmed, for the reasons expressed in the opinion of the Supreme Court, as supplemented by the opinion of this court in the case of *Jersey Central Power and Light Co. v. State Board of Tax Appeals,* decided this day, 131 *N. J. L.* 565.

Here, the excise was levied under *chapter 4 of the Laws of* 1940. *Pamph. L., p.* 21; *N. J. S. A.* 54:31–15.14, *et seq.* The basic question for decision is whether the term "lines," as used in this statute, comprehends "drop and block wires." We are clear it does not. They, too, fall into the general category of "services" or "service connections."

It is said that "the formula for distributing the total tax complements the formula by which the tax is assessed and fairly completes the contemplated legislative process." But the formula for distribution of the tax revenue, unlike the assessment process, is the comparative value of all the utility's property located in the streets and highways of the several municipalities.   Section 9 provides for division of the tax among the municipalities "in the proportion that the appor-

tionment value of the scheduled property of such taxpayer located in, on or over any public street, highway, road or other public place in each municipality * * * bears to the total apportionment value of such scheduled property of such taxpayer in this state * * *." *Pamph. L.* 1940, *pp.* 21, 29; *N. J. S. A.* 54:31–15.22.

Thus, the apportionment is based upon the value of the property in the streets and highways, while the length of the "lines or mains" constitutes the basis of the formula for the assessment of the tax. The "drop wire" is but an extension of a wire on the poles or within a cable comprising, in whole or in part, the principal or main line; and it is conceded that all the wires on the poles and in the cables are not be considered as separate "lines" in the ascertainment of the tax. It is not a property tax, but a license charge on gross receipts. That such is the legislative understanding of the term "lines" is shown by the provision of section 7 of the statute under review for the valuation of the taxpayer's property for apportionment purposes. *Pamph. L.* 1940, *pp.* 21, 25; *N. J. S. A.* 54:31–15.20. See, also, *R. S.* 48:17–8, 48:17–9.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, HEHER, PERSKIE, PORTER, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 12.

*For reversal*—None.